UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MIGUEL A. GARCIA-VASQUEZ,

        Movant,

v.                                           Case No. 05-C-812

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

On July 29, 2005, Miguel Garcia-Vasquez (Garcia), who is presently serving a sentence in federal custody, filed a "Motion to Vacate, Set Aside and/or Correct Sentence" under 28 U.S.C. § 2255, claiming that his sentence was imposed in violation of the Constitution of the United States. Although I am required to give motions filed under § 2255 prompt consideration, the motion only recently came to my attention. In any event, Rule 4 of the Rules Governing Section 2255 Proceedings provides:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2255 Proceedings. During my initial review of § 2255 motions, I look to see whether the moving party has set forth cognizable constitutional or federal law claims.

Garcia-Vasquez was previously convicted on his plea of guilty of the crime of illegally reentering the United States after deportation contrary to 8 U.S.C. § 1326. He was sentenced to 57

months imprisonment and appealed, claiming that I had erred in determining his sentence range under the United States Sentencing Guidelines. His claim was rejected by the United States Court of Appeals for the Seventh Circuit and his conviction and sentence were affirmed. *See United States v. Garcia-Vasquez*, 379 F.3d 451 (7th Cir. 2004). In his § 2255 motion, Garcia-Vasquez claims that he is entitled to relief because his constitutional rights to a jury trial and due process of law were violated when in imposing a sentence the trial court relied upon facts that had not been determined by a jury and proven beyond a reasonable doubt. Essentially, Garcia-Vasquez seeks relief under the rationale adopted by the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005).

Garcia-Vasquez is not entitled to the relief he seeks. In *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005), the Seventh Circuit held that the Supreme Court's *Booker* decision would not be applied retroactively to criminal cases that had become final before its release. *Booker* was released on January 12, 2005. The Seventh Circuit issued its mandate in this matter on September 3, 2004. The time within which Garcia-Vasquez could have petitioned for certiorari to the United States Supreme Court expired on December 12, 2004. That is when Garcia-Vasquez' conviction became final. *See Clay v. United States*, 537 U.S. 522, 527 (2003). Thus, the Judgment in the case was final before *Booker* was issued. *Booker* does not apply and the request for relief under § 2255 must be denied.

**SO ORDERED** this __16th__ day of February, 2006.

                s/ William C. Griesbach
                William C. Griesbach
                United States District Judge